# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00745-CV

**Charles N. Draper, Appellant**

**v.**

**Greg Guernsey, in his Official Capacity as Director of Planning and Development Watershed Protection Review Department; and City of Austin, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT NO. D-1-GN-13-000778, HONORABLE KARIN CRUMP, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

In this cause, Charles N. Draper, pro se, has timely appealed a final judgment, signed on October 18, 2016, granting summary judgment against claims he had asserted against the appellees. Draper has now filed a "Trial Court Past-Due Notice Finding of Fact and Conclusion of Law, and Notice of Appellant's Brief," the chief focus of which is to complain that the district court is refusing to make findings of fact and conclusions of law regarding its summary-judgment ruling. Draper further seeks "permission" to appeal the district court's refusal to make findings and conclusions. We will dismiss this request as moot because no such "permission" is necessary in this appeal from a final judgment. We will instead treat Draper's request as a supplement to his notice of appeal giving specific notice of his intent to challenge the district court's refusal to make findings and conclusions.

Draper also gives "notice" that he intends to file his appellant's brief within ninety days after the date he filed his notice of appeal, which would be February 1, 2017. Treating this "notice" as a motion to extend Draper's deadline to file his appellant's brief until February 1, which would amount to an extension of roughly 45 days beyond the general 30-day deadline,[1] we grant the extension.

We emphasize, however, that none of these rulings should be construed as endorsing Draper's premise that he is entitled to findings of fact and conclusions of law in this summary-judgment case.

It is ordered on November 30, 2016.

Before Justices Puryear, Pemberton, and Bourland

---

[1] The clerk's record was filed on November 15, 2016, and no reporter's record was requested, so the general thirty-day deadline would be December 15. *See* Tex. R. App. P. 38.6(a).